# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18 CV 301 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LAPSO, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on the Plaintiff United States of America's Motion for Summary Judgment, which was filed February 28, 2019. (ECF #32). Defendants, Dennis J. Lapso and Annette M. Ressetar (aka Annette M. Lapso and Annette R. Lapso) did not timely respond to the Motion and it remains unopposed. The Court held a status hearing on April 23, 2019. The Defendants did not appear.

Under Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The facts and procedural history set forth in the Government's motion are unopposed and are, hereby, adopted for purposes of this motion. Those uncontested facts establish that the Government is entitled to relief. Once a movant has satisfied its burden of showing that there are no material issues of disputed fact and that it is entitled to judgment as a matter of law, in order to avoid summary judgment the non-moving

1

party must produce evidence that results in a conflict of material fact to be solved by a jury. *Ross v. United States*, 949 F. Supp. 536, 540 (N.D. Ohio 1996). The Defendants in this case have failed to produce any evidence or argument in defense against the government's claims.

The Internal Revenue Service ("IRS") is authorized by the Treasury Secretary to assess taxes, "including interest, additional amounts, additions to the tax, and assessable penalties." 26 U.S.C. §6201(a). Assessments are presented through Certificates of Assessments, Payments, and Other Specified Matters, which are known as Forms 4340. Forms 4340 are presumptive proof of the assessments, abatements, payments, and credits for a particular tax period for a particular taxpayer as of a particular date, and these forms provide prima facie proof of a taxpayers liabilities. *See, e.g., Sinder v. United States*, 655 F.2d 729 (6th Cir. 1981); *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992). The dates, amounts assessed, and balances set forth in these forms are presumed correct absent specific contrary evidence. *See, e.g., Gentry*, 962 F.2d at 558.

In this case, the government has, through the Forms 4340, and other submitted evidence, established that Mr. Lapso and Ms. Ressetar owe to following amounts in unpaid taxes and penalties through February 20, 2019:

    2002 - Mr. Lapso owes $72,020.88 (including a fraud penalty assessed by the IRS)

    2005 - Mr. Lapso and Ms. Ressetar, jointly owe $5,521.91

    2006 - Mr. Lapso owes $39,245.24

    2012 - Mr. Lapso and Ms. Ressetar jointly owe $6,216.17[1]

---

[1] These numbers vary slightly from the amounts set forth in the Complaint. The amounts listed in this Opinion are taken from the Government's Motion for Summary Judgment and presumably account for payments, clarifications, and additional interest that accrued during the course of these proceedings.

The defendants have not satisfied their burden of proving by a preponderance of the evidence that these assessments are incorrect. *See Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981). They provided absolutely no evidence and identified no facts during discovery to challenge the validity of these amounts, and they offered no opposition to the Government's motion for summary judgment, which outlines these amounts.

Included in the above amount for the year 2002 is a fraud penalty assessed against Mr. Lapso, pursuant to 26 U.S.C. §6651(f) and 6663. Count Two of the Complaint seeks validation of the fraud penalty assessment. The evidence outlined in the Government's motion indicates that Mr. Lapso was acting with fraudulent intent and was actively seeking to evade payment of taxes he knew were owed when he failed to file and underpaid his taxes. Mr. Lapso has offered no testimony or other evidence to contradict this finding. The IRS assessed a penalty for fraud against Mr. Lapso for the year 2002 in the amount of $19,427.10, which is a valid and appropriate penalty for the conduct committed by Mr. Lapso.

In an attempt to guarantee payment of amounts owed, the Government has placed liens on Mr. Lapso and Ms. Ressetar's property. A federal tax lien arises when "any person liable to pay any tax neglects or refuses to pay the same after demand." 26 U.S.C. §6321. The lien is in the amount of the tax, including "interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto," and it attaches to "all property and rights to property, whether real or personal," of the person owing the tax. *Id.* Through a civil proceeding a court may "finally determine the merits of all claims to and liens upon the property," and "may decree a sale of such property." 26 U.S.C. §7403(a), (c).

The Government seeks a declaration from the Court that liens on the following real property jointly owned by Mr. Lapso and Ms. Ressetar are valid and enforceable: (1) 5655 N. Bend Road, Ashtabula, Ohio (Parcel No. 480070001500); and, (2) Ninevah Road Ashtabula, Ohio (Parcel No. 480050000100).[2] Based on the evidence presented and the findings made above, the Court does, hereby, declare these liens to be valid and enforceable, and orders that the property may be sold with the proceeds to be distributed in accordance with the Amended Stipulation and Agreed Order Regarding Lien Property filed by the Government and the non-debtor defendants. (ECF #20). The only change to the stipulated order is that defendant Farm Credit Mid-America will receive no proceeds from the sale as they have since been fully paid. (ECF #28).

## CONCLUSION

For all of the reasons set forth above, Plaintiff United States of America's Motion for Summary Judgment (ECF #32) is GRANTED on all counts. Judgment is entered against Mr. Lapso on Counts One and Two in a total amount of $123,004.20 for unpaid income taxes, including associated penalties, fraud penalty, and interest through February 20, 2019, plus any interest and other statutory accruals arising after that date. Judgment is also entered against Ms. Ressetar on Count Three in the amount of $11,738.08, plus interest and other accruals arising after February 20, 2019. The $11,738.08 attributable to the 2005 and 2012 tax delinquencies is included in both judgments and is owed jointly and severally by Mr. Lapso and Ms. Ressetar.

---

[2] The legal description for each of these properties is adopted as written in the Complaint. (ECF #1).

Judgment is also entered in favor of the Government and against both Mr. Lapso and Ms. Ressetar on Count Four. IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: April 24, 2019